**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

AMY L. A.[1],

     Plaintiff,

        v.

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

CASE NO. 1:24-CV-343-SJF

**OPINION and ORDER**

Plaintiff Amy L. A. ("Ms. A") moves for attorney and paralegal fees of $16,207.50

under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). The Commissioner

opposes her petition, contending that the Commissioner had a reasonable basis for his

position and that the amount of fees requested is unreasonable and excessive. This

Court may enter a ruling based on the parties' consent under 28 U.S.C. § 636(b)(1)(B)

and 42 U.S.C. § 405(g). [DE 12]. For the following reasons, Ms. A's motion will be

granted over the Commissioner's objection.

## I.    Background

Ms. A's case has come to the Court twice. Ms. A filed applications for Disability

Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II

and XVI of the Social Security Act on May 3, 2019. After her applications were denied at

the initial and reconsideration levels, she appeared before an administrative law judge

---

[1] To protect privacy interests, and consistent with the recommendation of the Judicial Conference, the Court refers to the plaintiff by first name, middle initial, and last initial only.

("ALJ"), who issued an unfavorable decision in October 2020. In June 2021, Ms. A filed a complaint in this Court under the cause *Arnett v. Commissioner of Social Security*, case no. 1:21-cv-240-WCL. The Court affirmed the Commissioner's decision on June 6, 2022. Ms. A appealed. On appeal, the parties jointly moved to remand her case to the agency for further administrative proceedings. Her case then returned to the agency on March 6, 2023.

On remand, an ALJ issued another unfavorable decision on April 30, 2024.[2] This decision was the final decision of the Commissioner. Ms. A then filed the above-captioned action requesting judicial review of the second denial of her application. In September 2025, the Court remanded the Commissioner's decision for further proceedings.

After this second remand to the agency, Ms. A filed the instant motion for attorney fees under the EAJA. In her original motion, she sought an award of $13,912.50 in attorney's fees. After granting the Commissioner two extensions of time to respond [DE 29, DE 30], the Commissioner responded in opposition to Ms. A's fee petition, contending that a genuine dispute existed in this case, making the Commissioner's position substantially justified. This substantial justification would preclude an award of fees under the EAJA. In the alternative, the Commissioner contends that Ms. A has not met her burden to show that the amount of fees sought is reasonable. Ms. A filed her reply on February 10, 2026, contending that the Commissioner's position was not

---

[2] The ALJ denied Ms. A's DIB application but dismissed her SSI application and returned it for an initial medical determination. (AR 3102).

substantially justified, that the fees sought are reasonable, and asking for fees to be awarded for her time spent replying in support of her motion, bringing the total amount sought to $16,207.50. The motion is now ripe for ruling.

## II.    Discussion

The purpose of the EAJA is to eliminate the financial disincentive for people to challenge unreasonable government action. *See Sullivan v. Hudson*, 490 U.S. 877, 883–84 (1989). The EAJA "is not an automatic fee-shifting statute," so simply prevailing against the Government does not entitle a plaintiff to an award of fees. *Potdar v. Holder,* 585 F.3d 317, 319 (7th Cir. 2009) (internal quotation omitted). The EAJA allows a prevailing plaintiff to recoup reasonable attorney's fees incurred in litigation against the Commissioner of Social Security "unless the court finds that the position of the [Commissioner] was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A); *see also Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 154 (1990); *Sprinkle v. Colvin*, 777 F.3d 421, 424 (7th Cir. 2015); *Golembiewski v. Barnhart*, 382 F.3d 721, 723-24 (7th Cir. 2004).

An EAJA fee application must be filed within thirty days of a court's final judgment and must include (1) a showing that the applicant is a "prevailing party"; (2) a showing that the applicant is "eligible to receive an award"; (3) a showing of "the amount sought, including an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed"; and (4) an "alleg[ation] that the position of the [Commissioner] was not substantially justified." 28 U.S.C.

§ 2412(d)(1)(B); *see also Scarborough v. Principi*, 541 U.S. 401, 405 (2004); *United States v. Hallmark Constr. Co.*, 200 F.3d 1076, 1078–79 (7th Cir. 2000).

There is no dispute that Ms. A is a "prevailing party" or eligible to receive an award, as the Court reversed and remanded the Commissioner's decision. *See* See *Shalala v. Schaefer*, 509 U.S. 292, 300-02, 113 S. Ct. 2625, 125 L.Ed.2d 239 (1993). But, as stated, the Commissioner challenges both Ms. A's allegation that the Commissioner's position was not substantially justified as well as the reasonableness of the amount sought in the petition. The Court begins with the parties' arguments regarding substantial justification.

## A.    Substantial Justification

As stated, attorney fees may only be awarded under the EAJA when the Commissioner's position was not "substantially justified." *Golembiewski*, 382 F.3d at 723-24. It is the Commissioner's burden to show that his position was substantially justified. *Id.* To show substantial justification, the Commissioner must demonstrate that "(1) [the Commissioner] had a reasonable basis in truth for the facts alleged, (2) [the Commissioner] had a reasonable basis in law for the theory propounded, and (3) there was a reasonable connection between the facts alleged and the theory propounded." *Kholyavskiy v. Holder*, 561 F.3d 689, 691 (7th Cir. 2009)(citing *Conrad v. Barnhart*, 434 F.3d 987, 990 (7th Cir. 2006). This burden is met when there is "a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Stein v. Sullivan*, 966 F.2d 317, 320 (7th Cir. 1992) (internal citation and quotations omitted). Thus, to find the Commissioner's position unjustified, "it typically takes something

more egregious than just a run-of-the-mill error in articulation . . . something like the ALJ's ignoring or mischaracterizing a significant body of evidence, or the [C]ommissioner's defending the ALJ's opinion on a forbidden basis." *Bassett v. Astrue*, 641 F.3d 857, 860 (7th Cir. 2011). Put another way, "cursory and inadequate analysis of an important point . . . usually will not be enough to poison . . . the [C]ommissioner's defense of the opinion." *Id.*

The Court begins by considering the decision. The Court's decision to remand was based on the ALJ's failure to address Ms. A's mild mental limitations in the RFC assessment. As the Court noted, during Step Two of the five-step disability analysis, "the ALJ found that Ms. A has a mild limitation in each of the four areas—meaning that Ms. A's 'functioning in [each] area independently, appropriately, effectively, and on a sustained basis is slightly limited.'" *Amy L. A. v. Bisignano*, No. 1:24-CV-343-SJF, 2025 WL 2753587, at *5 (N.D. Ind. Sept. 26, 2025). Yet the RFC assessment did not include any functional mental limitations or otherwise state why Ms. A's mild limitations in the four paragraph B criteria did not warrant limitations in the RFC. Ms. A challenged this omission on judicial review. In response, the Commissioner's position was that mild limitations in the paragraph B criteria do not necessarily require any functional limitations and that "the ALJ said enough to explain why he did not believe the record supported any mental limitations during the relevant period." [DE 21 at 10].

The Court found this argument unpersuasive, noting that, in making this argument that the ALJ "said enough", the Commissioner relied on the ALJ's analysis at Step Two. Under the Commissioner's own policies, Step Two findings are "not an RFC

assessment." *Id.* at *6 (citing S.S.R. 96-8p, 1996 WL 374184, at *4). The ALJ's decision even stated that "[t]he limitations identified in the 'paragraph B' criteria are not a residual functional capacity assessment but are used to rate the severity of the mental impairments at steps 2 and 3 of the sequential evaluation process." *Id.* Still, the resulting RFC assessment did not mention Ms. A's mild limitations or otherwise state that her mild limitations did not warrant RFC limitations. Instead, the ALJ's conclusion stated only that "[i]n sum, [Ms. A]'s obesity, chronic fatigue, and insomnia would limit [her] to a full range of sedentary work." [DE 25 at 13, citing AR 3115]. Based on this, the Court found that the ALJ failed to address the effect of her mild limitations in the RFC, warranting remand. Before concluding the decision, the Court referenced other courts that remanded on that same basis. *Amy L.A.*, 2025 WL 2753587, at *6-*7.

The Commissioner contends that he had a reasonable basis in fact and law for his position. As to a basis in fact, the Commissioner maintains that the ALJ sufficiently explained his reasoning about Ms. A's mild mental limitations, discussing the evidence cited by the ALJ at Step Two of the decision and the ALJ's reliance on the state-agency psychological consultants' opinions of mild limitations. [*Id.* at 7]. The Commissioner contends that "the ALJ's decision must be read as a whole." [DE 32 at 5]. Thus, the Commissioner contends that he was substantially justified in believing that "what mattered was whether the reasoning he presented in his decision sufficed to explain his view of the evidence, not where in the decision it appeared." [*Id.* at 5-6].

The Court cannot find that these arguments suffice as substantial justification here. First, as stated, the Commissioner maintains that he had a reasonable basis in fact

based on the ALJ's reliance on the state agency psychological consultants' opinions. The state agency psychological consultants found that Ms. A (1) "had mild limitations in the paragraph B criteria and that (2) her psychiatric symptoms were not significantly limiting." *Id.* Indeed, as the Commissioner contends, the ALJ did find these opinions to be "persuasive"— but "to the extent it found [Ms. A's] mental impairments were nonsevere." [DE 25 at 13]. As the Court noted, the RFC must account for all impairments—even those that are nonsevere. *Id.* at *6 (citing *Villano v. Astrue*, 556 F.3d 558, 563 (7th Cir. 2009). Thus, without more, the Court cannot find that the ALJ's caveated reliance on the state agency psychologists helps show that the "ALJ adequately explained that he did not believe that Plaintiff's mental impairment merited any work restrictions." [DE 32 at 6]. Indeed, this argument continues to ignore the ALJ's findings that Ms. A had mild mental limitation in all four paragraph B criteria, which required the ALJ to account for them. *See Sandra W. v. Saul*, No. 120CV00919JMSMJD, 2021 WL 5772776, at *2 (S.D. Ind. Apr. 19, 2021)("Absent a clear and specific finding by the ALJ concerning these limitations and given the failure to account for such limitations at later steps of the disability analysis, the Commissioner was not substantially justified in defending the ALJ's opinion."); *see also Vrdolja v. Kijakazi*, No. 1:21-CV-01574, 2024 WL 168107, at *2 (N.D. Ill. Jan. 16, 2024).

The Commissioner's argument that he was substantially justified based on case law finding that an ALJ's decision must be evaluated holistically likewise falls short. First, the Commissioner directs the Court to case law that was not referenced in her memorandum in support of the ALJ's decision. [*Compare* DE 21 *with* DE 32]; *see also*

*Davis v. Berryhill*, No. 416CV00196TABRLY, 2018 WL 1366687, at *2 (S.D. Ind. Mar. 16, 2018). In any event, while the cases do support the Commissioner's argument that an ALJ's decision must be read as a whole, none of these cases appear to address whether an ALJ's discussion and conclusions for the paragraph B criteria at Step Two sufficed for the RFC assessment. [DE 32 at 5 *Zellweger v. Saul*, 984 F.3d 1251, 1255 (7th Cir. 2021)(finding that a step three determination could be supported by a discussion of medical evidence for the RFC); *Curvin v. Colvin*, 778 F.3d 645, 650 (7th Cir. 2015)(same); *Rice v. Barnhart*, 384 F.3d 363, 370 (7th Cir. 2004)(finding that an ALJ need not repeat analyses at steps three and five); *Jeske v. Saul*, 955 F.3d 583, 589 (7th Cir. 2020)(same); and *Wright on behalf of IRC v. Kijakazi*, No. 3:19-CV-841-TLS, 2022 WL 1090629, at *3 (N.D. Ind. Apr. 12, 2022)(finding that ALJ did not need to repeat analyses between three-step inquiry for a child's disability application)].

Here, however, the Commissioner contends that his position that the ALJ's findings at Step Two—mild mental limitation all four paragraph B criteria—sufficiently presented an RFC assessment without any discussion as to mental limitations. The Commissioner makes this argument even though the ALJ's decision explicitly stated the Step Two findings are not an RFC assessment, and even though the Commissioner's own S.S.R. 96-8p states the same. In sum, without more from the Commissioner, a position seemingly at odds with both the overall framework of the ALJ's decision and the Commissioner's social security ruling cannot be considered substantially justified. *See Golembiewski*, 382 F.3d at 724-25.

8

### B.    Reasonableness of Hours Billed

The Commissioner next contends that the amount sought by Ms. A is unreasonable. Indeed, only reasonably billed hours may be included in an award of attorney's fees under the EAJA. *Hensley v. Eckhart*, 461 U.S. 424, 434 (2011). "'Hours that are not properly billed to one's client are also not properly billed to one's adversary pursuant to statutory authority.'" *Id.* at 434 (quoting *Copeland v. Marshall*, 641 F.2d 880, 891 (D.C. Cir. 1980)). To determine whether requested hours have been reasonably billed, a court considers several factors, including the size and complexity of the case, staffing issues, and the quality of outcome for the party. *Id.* at 434–437. A court should exclude from the "fee calculation hours that were not 'reasonably expended.'" *Id.* at 434 (quoting S. Rep. No. 94-1011, p. 6 (1976)); *accord Tchemkou v. Mukasey*, 517 F.3d 506, 510 (7th Cir. 2008). The burden remains with Plaintiff to prove that the hours were "reasonably expended." *Hensley*, 461 U.S. at 437., Thus, a party requesting attorney's fees should make a good-faith effort to exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 437.

Ms. A's counsel's itemized statement, including the time spent on her reply, appears as follows:

9

Exhibit "C"  Amy A. 1:24-cv-00343-SJF

| Date | Project | Attorney Hours | Paralegal Hours |
|---|---|---|---|
| 8/15/24 | Draft Complaint, Summons, Cover Letter, Appearance | | 1.5 |
| 10/17/24 | Review case for possible appeal, discuss with other atty | 2.25 | |
| 1/2/25 | Read Administrative Record | 8.25 | |
| 1/3/25 | Read Administrative Record/Research Mild Mental Limitations | 6.25 | |
| 1/4/25 | Write Opening Brief- Mental Limitations Section | 5.75 | |
| 1/5/25 | Write Opening Brief-Logical Bridge Section | 7.75 | |
| 1/6/25 | Review Administrative Record | | 1.25 |
| 1/7/25 | Review Administrative Record/Write Non-Medical SoF | | 3.75 |
| 1/8/25 | Write Opening Brief-Finish Logical Bridge Section/Add Medical Facts/Review and Submit | 8.25 | |
| 3/27/25 | Review Response Brief/Research/Start to Write Reply Brief | 6.50 | |
| 3/28/25 | Finish Reply Brief | 4.25 | |
| 12/23/25 | Read DC Order/EAJA Petition and Exhibits | 2.25 | |
| 2/9/26 | Read EAJA Response, Research Caselaw, Write EAJA Reply | 7.50 | |
| 2/10/26 | Finish Writing EAJA Reply, Review | 1.50 | |
| | Total: | 60.50 | 6.5 |

EAJA Attorney Hourly Rate (60.5 x $255)  $ 15,427.50
EAJA Paralegal Hourly Rate (6.5 x $120)  $    780.00
Total: $ 16,207.50

[DE 33-1]. The Commissioner challenges the number of hours—51.5, before Ms. A's reply, and then 60.5 hours including the time spent on the reply brief. The Commissioner first contends that the 19.5 hours spent reviewing the record and the 21.75 hours spent drafting the opening brief were excessive based on the litigation history of this case. As to the 19.5 billed as reviewing the record, the Commissioner contends that Ms. A raised similar arguments in the prior case before the Court. As to the 21.75 hours spent drafting the opening brief, the Commissioner contends that most of the opening brief was "*copied verbatim or near verbatim*" from one of her briefs in the prior litigation. [DE 32 at 10, citing to DE 17, DE 32-1]. The Commissioner also specifically questions the reasonableness of the 16 hours billed to the "Logical Bridge Section" and the 3.75 hours of paralegal time for "Review Administrative Record/Write Non-Medical [Statement of Facts]" contending that "more than half of the section was copied verbatim from prior briefing." [DE 32 at 11]. The Commissioner challenges the 6.25 hours billed as "Read Administrative Record/Research Mild Mental Limitations"

10

and 5.75 hours billed as "Write Opening Brief-Mental Limitations Section" because this portion "spans only three pages" of the brief, cites only to the ALJ's 15-page decision, and the case citations are copied from another brief or from another district court decision [*Id.* at 12]. The Commissioner also challenges multiple entries as vague. [*Id.* at 13-14]. Thus, the Commissioner contends that the Court should reduce any amount awarded to Ms. A by "at least" 50%. [*Id.* at 14]. Finally, Commissioner also contends that, because his objections are well-founded, the Court should decline to award Ms. A any fees for time spent on a reply brief.

Here, Ms. A's attorney has represented her throughout the course of this multi-year litigation. And as the Commissioner contends, counsel raised similar arguments both times on judicial review, and "courts have reduced the hours expanded in a case when attorneys have merely copied and pasted materials into their briefs." *Gilbert v. Comm'r of Soc. Sec.*, No. 1:23-CV-00109-SLC, 2024 WL 1694695, at *3 (N.D. Ind. Apr. 18, 2024). But, as Ms. A contends, her prior case was litigated in 2024, and the administrative record is quite voluminous at over 10,000 pages long. It "would be reasonable for Counsel to spend time reacquainting himself with the facts in order to draft a persuasive argument for the district court," as "the facts would not have been fresh in [Counsel's] mind." *Id.* Thus, while counsel indeed appeared to reuse portions of prior briefs, given the time that passed, the length of the record, and new information added into the current briefing, the time billed by counsel cannot be found unreasonable. Moreover, the number of hours billed by Ms. A's attorney is within the range generally considered reasonable. *See, e.g., Miller v. Comm'r of Soc. Sec.*, No. 1:16-

11

CV-00122-SLC, 2018 WL 5668934, at *3 (N.D. Ind. Nov. 1, 2018)(finding 56.7 hours of attorney time within the range reasonableness); *Witt v. Colvin*, No. 2:14-cv-443, 2016 WL 3049568, at *2 (N.D. Ind. May 31, 2016) (awarding fees for 54.6 hours on a stipulated remand *); Davenport v. Colvin*, No. 2:11-cv-402, 2013 WL 5701060, *3 (N.D. Ind. Oct. 17, 2013) (awarding fees for 63.86 hours); *Copeland v. Astrue*, No. 2:11-cv-363, 2012 WL 4959482, at *2 (N.D. Ind. Oct. 17, 2012) (awarding fees for 66.2 hours); and *Schulten v. Astrue*, No. 08-cv-1181, 2010 WL 2135474, at *6 (N.D. Ill. 2010) (concluding that 40 –60 hours of time is a permissible range of time for social security appeals).

The Commissioner also challenges certain entries as vague because it combines multiple tasks into one entry: "Review Administrative Record / Write Non-Medical [Statement of Facts]," "Read Administrative Record / Research Mild Mental Limitations," and "Write Opening Brief-Finish Logical Bridge Section/Add Medical Facts/Review and Submit." [DE 32 at 13-14]. Even so, these "entries outline what materials were looked at and what writings were being drafted." *Rutledge v. Kijakazi*, No. 122CV00938TWPMJD, 2023 WL 8878235, at *3 (S.D. Ind. Dec. 22, 2023)(finding that an entry titled "Review Plaintiff's Brief, research and prepare additional facts and arguments for presentation, finalize Plaintiff's Brief, prepare correspondence to Client, prepare correspondence to administrative attorney" sufficient). The Court will not reduce the amount sought on this basis.

Finally, the Commissioner maintains that the amount awarded should be reduced by "at least" 50%, but this appears to be a wholly arbitrary request, as the Commissioner fails to explain how he arrived at this requested reduction. *See Lisa H. v.*

*Kijakazi*, No. 421CV00163TWPKMB, 2023 WL 4053495, at *4 (S.D. Ind. June 16, 2023)(declining to reduce hours billed under the EAJA because "the Commissioner does not provide any argument regarding []he arrived at that numbers as being an appropriate amount to reduce"). Indeed, the Commissioner's request is further unclear by requesting "at least" at 50% reduction. *Id.* "[T]he Court will not arbitrarily reduce the number of attorney hours sought[.]" *Miller*, 2018 WL 5668934, at *3. Indeed, arbitrary reductions are "beyond [the court's] authority." *See id.*; *see also Monk v. Colvin*, No. 2:15-CV-233, 2016 WL 4445659, at *2 (N.D. Ind. Aug. 23, 2016).

Finally, the Commissioner contends that any hours billed on reply should not be awarded because his objections were well-founded. Still, Ms. A's reply brief was necessary, as it was Ms. A's opportunity to defend against the Commissioner's opposition. As the Court has found Ms. A's initial petition to be reasonable, the hours spent on a reply brief in support of the petition are thus also reasonable. As Ms. A has shown these additional fees were necessary and reasonable, these fees should also be awarded. *See Bryon K. W. v. Kijakazi*, No. 3:21-CV-0011-MGG, 2023 WL 1990080, at *5 (N.D. Ind. Feb. 13, 2023)(awarding time spent replying in support of EAJA fees).

## III.    Conclusion

For these reasons, Plaintiff's Petition for Attorney Fees and Paralegal Fees Under the Equal Access to Justice Act, Memorandum and Exhibits is **GRANTED**. [DE 27]. Plaintiff is **AWARDED $16,207.50** for attorney fees and expenses in full satisfaction of any and all claims that may be payable to plaintiff in this matter under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Any fees paid belong to plaintiff and not

plaintiff's attorney and can be offset to satisfy any preexisting debt that the litigant owes

the United States. *Astrue v. Ratliff, 560 U.S. 586 (2010).* If defendant can verify that

plaintiff does not owe a preexisting debt to the government subject to the offset,

defendant will direct that the award be made payable to **Forbes Rodman P.C.** pursuant

to the EAJA assignment duly signed by plaintiff. [DE 27-5]. If payment is mailed, as

compared to electronically deposited, it shall be mailed to counsel's address of record:

**312 N Wayne St., PO Box 374, Angola, IN 46703.**

 **SO ORDERED** this 1st day of July 2026.


    s/Scott J. Frankel
    Scott J. Frankel
    United States Magistrate Judge